UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT W. BENEDICT,

    Plaintiff,

v.

FULL SPECTRUM SOLUTIONS, INC. and
MICHAEL O. NEVINS,

    Defendants.
                                    /

Case No. 09-14463

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 20, 2010.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On November 16, 2009, Robert Benedict ("Plaintiff") filed this action against Full Spectrum Solutions, Inc. ("Full Spectrum") and Michael Nevins, Full Spectrum's CEO and President, alleging that his employment was terminated in violation of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, Michigan's Persons With Disabilities Civil Rights Act ("PWDCRA"), Michigan Compiled Laws § 37.1101 *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Michigan Compiled Laws § 37.2201 *et seq.* Before the Court is Defendants' Motion for Summary Judgment, filed September 30, 2010. The matter has been fully briefed by the parties, and the Court heard oral argument on December 16, 2010. For the reasons stated at the hearing, the

Court grants Defendants' Motion in part and denies it in part.

## I. Background

Full Spectrum hired Plaintiff for the position of Vice President in December 2008. In March 2009, the University of Michigan Medical Center sent Plaintiff a document via fax confirming an appointment for the regular monitoring of his liver, which he received in a transplant operation in 2006. Full Spectrum terminated Plaintiff's employment on April 5, 2009. Nevins learned of the fax from a Full Spectrum employee who found it on the fax machine, but the parties dispute whether this occurred before he made the decision to terminate Plaintiff's employment. Plaintiff filed this action, seeking damages for discrimination based on a disability.[1] He argues that he was qualified for his position, and that Defendants terminated his employment based on their perception that he was disabled. Defendants contend that Plaintiff was terminated based on his poor job performance.

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates

---

[1] Plaintiff also asserted a claim for religious discrimination, based on allegations that Defendants required him to attend certain religious meetings. The parties did not address this claim at the hearing, as Plaintiff has stipulated to its dismissal. Pl.'s Resp. ¶ 3.

summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553.

Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *Id.*, 106 S. Ct. at 2514.

### III. Discussion

"To recover on a claim of discrimination under the [ADA], a plaintiff must show that: 1) he is an individual with a disability; 2) he is 'otherwise qualified' to perform the job requirements, with or without reasonable accommodation; and 3) he was discharged solely by reason of his handicap." *Macy v. Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 363-64 (6th Cir. 2007) (alteration in original) (quoting *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996)). For the reasons stated at the hearing, the Court

3

concludes that Plaintiff has established genuine disputes of material fact regarding the elements of his ADA claim. The Court notes that the elements of a PWDCRA claim are similar to those required under the ADA, and concludes for the same reasons that Plaintiff has established a genuine dispute of material fact regarding this claim. *See* Michigan Compiled Laws § 37.1202. The Court therefore denies Defendants' Motion for Summary Judgment as to Plaintiff's ADA and PWDCRA claims.

For the reasons stated at the hearing,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment is **DENIED** as to Counts I and II;

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** as to Count III of the Complaint, "Violation of the Michigan Elliott-Larsen Civil Rights Act - Religious Discrimination."

                                           s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:

Scott P. Batey, Esq.
Jeanne M. Miller, Esq.